IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL PAGAN, et al.,

      Plaintiff(s),

SILA MARIA CALDERON, et al.,

      Defendant.

Civil No. 04-1296 (DRD)

## **OPINION AND ORDER**

Pending before the Court are *Plaintiffs' Motion To Comply With Order To Show Cause* (Docket No. 85); *Reply To Plaintiffs' Response To The District Court's Order To Show Cause* (Docket No. 88) filed by co-defendant Sila María Calderón; and, *Response In Opposition To Plaintiffs' Motion To Comply With Order To Show Cause* (Docket No. 89) filed by co-defendants Antonio Faria and Vilma Pellot. For the reasons set forth below, this case is **DISMISSED**.

### **Factual and Procedural Background**

The instant complaint was filed on April 7, 2004 by plaintiffs, Daniel Pagán, and the conjugal partnership constituted with Ingrid Llorens-Orlandi ("Pagán"); Ernesto Vilanova-Vélez, and the conjugal partnership constituted with Mirta Morales-Matos ("Vilanova"); Cristino Agosto-Reyes, and the conjugal partnership constituted with Iris Hernández-González ("Agosto"); Martin Souto, and the conjugal partnership constituted with Carmen Díaz-Rodríguez ("Souto"); Christopher Molina, and the conjugal partnership constituted with Carmen Vázquez-Bermudez ("Molina"); ARCAM Pharmaceutical Corporation ("ARCAM"), collectively the Plaintiffs, unless otherwise referred to by the Court. Plaintiffs moved for a declaratory judgment premised on alleged violations of their federally protected constitutional rights, under the First Amendment, and the Fourteenth Amendment (substantive due process and equal protection clauses); and a civil rights' claim under

42 U.S.C. § 1983. The defendants, Sila María Calderón, and the conjugal partnership constituted with Ramón Cantero Frau ("Calderón"); Antonio Faría; Vilma Pelliot; and Banco de Desarrollo Económico para Puerto Rico, collectively the Defendants, unless otherwise referred to by the Court, opposed the constitutional challenges presented by Plaintiffs.

On August 9, 2004, Calderón moved to dismiss (Docket No. 19), on the grounds of qualified immunity. An Opinion and Order was entered on March 30, 2005 (Docket No. 58), granting in part and denying in part, the dismissal request. Calderón proceeded with an interlocutory appeal from our Order (Docket No. 66). The First Circuit issued and Opinion on May 16, 2006, reversing this Court's Order of March 30, 2005, and remanding the case for further proceedings. *See Pagán v. Calderón*, 448 F.3d 16 (1st Cir. 2006). The First Circuit Court held that Calderón was protected by the doctrine of qualified immunity, as Plaintiffs unsuccessfully failed to surpass a public official's qualified immunity request.

In addition to the issue of qualified immunity, the First Circuit Court also reviewed the standing of Plaintiffs to continue pursuing the instant case, as well as, Plaintiffs' alleged violations under the First and Fourteenth Amendments of the United States Constitution, and their claim under 42 U.S.C. § 1983. The First Circuit Court held that the plaintiffs failed to reach the threshold as to standing in order to pursue a section 1983 action, except for ARCAM, who was the only party that met the constitutional requirements and prudential standing concerns. The First Circuit Court remanded the case to this Court for further proceedings.

On June 9, 2006, this Court entered an *Order To Show Cause* (Docket No. 84), as to why this case should not be dismissed premised on the Judgment and Mandate issued by the First Circuit Court. The parties were allowed until June 16, 2006 to reply. On June 16, 2006, Plaintiffs timely

filed their reply (Docket No. 85). Plaintiffs alleged that, the First Circuit Court only dismissed the action as to Calderón, who was the only appellant. Hence, Plaintiffs may technically proceed with the instant action as to Faria and Pellot for discriminatory treatment and retaliation, as Faria and Pellot are not entitled to qualified immunity.

On June 29, 2006, Calderón replied to the *Order To Show Cause* (Docket No. 88), and moved for the dismissal as to all the Defendants. Calderón also argued that the is dismissal is warranted to avoid Calderón's exposure to further discovery on the claim under the First Amendment, which had already been dismissed by this Court.

On June 30, 2006, co-defendants Faria and Pellot filed their response to the *Order To Show Cause* (Docket No. 89). Faria and Pellot alleged that ARCAM does not have a federally protected constitutional right enforceable against them, as: (a) ARCAM's allegations are non-specific, unsupported, and conclusory in nature; (b) there is no cause of action under the First Amendment, as ARCAM never had a commercial relationship with Banco de Desarrollo Económico ("BDE"), for the loan was never approved; and (c) ARCAM's alleged violations of substantial due process and equal protection under the Fourteenth Amendment were dismissed by the First Circuit Court. Faria and Pellot also requested that their motion for summary judgment be reinstated.

The Court disagrees with ARCAM's arguments, and briefly explains below.

### Discussion

At the outset, the Court hereby incorporates *in toto* the analysis made by the First Circuit Court. This Court now proceeds to dispose of any further pending matters.

### *Causes of Action*

First Cause of Action: Plaintiffs alleged that co-defendant, Banco de Desarrollo Económico

3

para Puerto Rico ("BDE"), as well as, Calderón, Faría, Pellot and the Board of Directors of BDE, have "denied and transgressed" Plaintiffs' constitutional rights protected under the First Amendment, Due Process of Law, and Equal Protection. Plaintiffs also alleged that Defendants' denial of the loan constitutes a violation of Plaintiffs' civil rights under 42 U.S.C. § 1983, as the loan was denied based on political discrimination and matters related thereto. Plaintiffs requested damages.

Second Cause of Action: Plaintiffs alleged that Defendants have violated Plaintiffs' right to equal protection under the Constitution of the Commonwealth of Puerto Rico, by denying Plaintiff's loan application with BDE, on grounds of political discrimination and motives related thereto.

Plaintiffs requested damages.[1]

Third Cause of Action: Plaintiffs claimed damages under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, "to obtain compensations for the damages experienced as a result of the [Defendants] unjustified withdrawal from the negotiations." Plaintiffs alleged that the disguised denial by the Defendants of Plaintiffs' loan application was discriminatory and politically motivated.

Fourth Cause of Action: Plaintiffs requested attorneys fees under 42 U.S.C. § 1988.

### Plaintiffs' Standing

The issue of Plaintiffs' standing to pursue the instant action is determinative before considering the alleged constitutional violations claimed by Plaintiffs in the complaint. As to Plaintiffs' standing to pursue the instant action, the First Circuit Court held:

---

[1]      The Court must summarily deny any monetary request by Plaintiff in federal court against Defendants based on local law, the Constitution of the Commonwealth of Puerto Rico.  In *Pennhurst State School & Hospital et al, v. Halderman, et al,* 465 U.S. 89, 117 (1984), the Supreme Court held that "a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when the relief sought has an impact directly on the State itself."

4

> [W]e conclude that no plaintiff other than ARCAM has standing to
> pursue the appealed federal claims asserted against Calderón.
> Moreover, we conclude that, with respect to those claims, ARCAM
> has failed adequately to plead a violation of its constitutional rights.

*Pagán*, 448 F.3d at 23.

In order to have standing to pursue a constitutional claim, "the party seeking to invoke the court's jurisdiction (normally, the plaintiff) must have a 'personal stake in the outcome' of the claim asserted." *Pagán*, 448 F.3d at 27. "To satisfy the personal stake requirement, the plaintiff must pass a tripartite test." *Id.* First, the plaintiff must show harm, that is, plaintiff "must adequately allege that he suffered or is threatened by [an] injury in fact to a cognizable interest." *Id.* Second, the plaintiff must show causation, that is, plaintiff "must adequately allege that the asserted injury is causally connected to the conduct." *Id.* Third, the plaintiff must show redressability, that is, plaintiff "must adequately allege that a favorable result in the litigation is likely to redress the asserted injury." *Id.* In addition to the constitutional requirements, prudential concerns must also be taken into consideration. *Id.* Plaintiff must show that the claim "is premised on his own legal rights" ... that it is not a "generalized claim," and that the claim "falls within the zone of interests protected by the law invoked." *Id.*

### ARCAM

The First Circuit Court held that ARCAM met the constitutional standing requirements, as well as the prudential considerations. The allegations of the complaint show that BDE's refusal to issue the loan had an impact upon ARCAM's operations.

### Vilanova

As stated above, Vilanova is the principal shareholder of ARCAM, and also its employee.

5

9

Vilanova's claims, however, are only based on its position as ARCAM's shareholder. It is a general principle of law, that a corporation is a separate and distinct judicial entity from its stockholders. Hence, when a corporation claims its rights, and/or redress for the injuries caused by a violation of its rights, the shareholder of the corporation cannot sustain the same claim brought under his own name. There are some exceptions to this general rule, however, that is not the situation in the instant case, i.e. "is peculiar to him alone, and [that] does not feel alike upon other stockholders" (citations omitted), *Pagán*, 448 F.3d at 28. The First Circuit Court held that 42 U.S.C. § 1983 "affords no right of action to the individual shareholders," when the shareholder fails to adequately allege his personal and direct injuries separately from the injuries to the corporation. *Pagán*, 448 F.3d at 28-29. The Court, moreover, held that "the complaint does not allege that any of the individual shareholders sustained a particularized, nonderivative injury that might deflect application of the usual shareholder standing rule or that any other exception pertains." *Pagán*, 448 F.3d at 28-29. Plaintiff Vilanova emotional distress and creditors claiming fall also short of the mark. Hence, Vilanova does not have standing to pursue the action under 42 U.S.C. § 1983.

*Agosto, Souto, and Molina the guarantors*

Agosto, Souto and Molina are guarantors of ARCAM's liabilities (collectively the "guarantors"), as well as minority stockholders and/or officials of ARCAM. The First Circuit Court held that the guarantors also lack standing to pursue this action based on the same premises applicable to Vilanova to Pagán. *Pagán*, 448 F.3d at 28-29. The appellate court also dismissed due to standing of Pagán's claim. Pagán also lacks standing as to his First Amendment claim. "Thus, when a government actor discriminates against a corporation based on a protected trait of a corporate agent, it is the corporation – and only the corporation – that has standing to seek redress" (citation

omitted). *Pagán*, 448 F.3d at 30.

For the reasons set forth by the First Circuit Court, the instant case stands dismissed for lack of standing to pursue the alleged federal claims, as to Pagán, ARCAM's principal consultant; Vilanova, ARCAM's principal shareholder; and, the guarantors and minority stockholders, Agosto, Souto and Molina.

### *Qualified Immunity*

The only party with standing to file suit against Calderón, and seek redress, is therefore ARCAM. Calderón, however, invoked a defense under the doctrine of qualified immunity, in her official capacity as former Governor of the Commonwealth of Puerto Rico. Pursuant to the analysis made by the First Circuit Court, ARCAM failed to meet the requirements under the qualified immunity test. *Pagán*, 448 F.3d at 31. Hence, ARCAM's remaining actions against Calderón stand dismissed.

As to ARCAM's causes of action against the other co-defendants the First Circuit Court held that the allegations of the complaint failed to sufficiently plead ARCAM's violation of its constitutional rights (substantive due process, equal protection, political discrimination and retaliation).[2] *Pagán*, 448 F.3d at 32-37.

Having reviewed the position of the parties, the Court finds no reason to depart from the analysis made by the First Circuit Court. Based on this premise, this Court finds that ARCAM does not have any actionable federal cause of action against Faria and Pellot, as ARCAM does not have

---

[2]     The equal protection claim of ARCAM failed because there were no allegations as to "gross abuse of power, invidious discrimination, or fundamentally unfair procedures." *Pagán*, 448 F.3d at 35. The potential discrimination claim failed because it was based on the same grounds as the equal protection clause which fell short of the mark. *Pagán*, 448 F.3d at 36-37.

7

8

a federally protected constitutional right to obtain a loan. ARCAM alleges that Faria and Pellot discriminated and impaired the issuance of the loan, triggered by political motives. However, the Court finds that, based on the bare allegations of the complaint, ARCAM cannot demand federal protection of a federal constitutional right that ARCAM does not possess. The record shows that the loan was never issued to ARCAM, hence, ARCAM never acquired a property right over the prospect loan. Further, the First Circuit Court held that the demands made by BDE were not unreasonable or unfair, as "there is nothing unconscionable (or even untoward) about a bank demanding that a borrower post significant collateral as a condition to obtaining a multi-million-dollar loan. *Cf.* P.R. Laws Ann. tit. 7, § 611b(d) (authorizing BDE's board of directors to require the pledging of collateral as a precondition to granting loans)." *Pagán*, 448 F.3d at 36.

As to ARCAM's claim under the First Amendment for alleged political discrimination and retaliation, this Court reaffirms its ruling on this issue, that is "pursuant to *Perry v. Silverman*, 408 U.S. 593, 597 (1972), ARCAM's claim is not conditioned to a pre-existing contractual relationship" with BDE. *See Opinion and Order* of March 30, 2005. (Docket No. 58). Thus, ARCAM's claim under this contention is DENIED.

The Court also finds that, since ARCAM does not have a federal protected constitutional right nor a federal actionable cause of action to pursue, the continuation of the instant proceeding is unwarranted,"... while ARCAM enjoys standing to pursue its allegations of substantive due process and equal protection violations, those allegations do not state viable constitutional claims (and, thus, do not survive scrutiny under the first part of the tripartite qualified immunity test)" [whether the plaintiffs' allegations, if true, establish a constitutional violation]. *Pagán*, 448 F.3d at 37. The request made by Faria and Pellot to reinstate their motion for summary judgment is moot

at this stage of the proceedings, as the Court is dismissing the instant case.

## Conclusion

In view of the foregoing, the instant case is hereby **DISMISSED WITH PREJUDICE**, as to the federal claims, and **DISMISSED WITHOUT PREJUDICE** as to any supplemental claims. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of November, 2006.

S/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE